FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2017 AUG 16 PM 4:10
STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

DAGOBERTO ACEVEDO-MUNOZ,

Plaintiff(s),

vs.

UNITED STATES OF AMERICA,

Defendant(s).

Case No. 12-CV-00198-J

**OPINION AND ORDER**

On February 27, 2015, Dagoberto Acevedo-Munoz ("Defendant") filed a motion under Rules 60(b)(6) and 60(d)(1), Fed.R.Civ.P. which sought to set aside the court's July 1, 2013 order denying as untimely defendant's previous motion under 28 U.S.C. § 2255 (Dkt. #9) [Rule 60 motion] and (Dkt. #7, 8) [denying defendant's § 2255 motion as untimely]. Defendant contends that his retained counsel misled him by not responding to inquiries as to a possible appeal and that the court erred in refusing to excuse defendant's late filing of the § 2255 motion as untimely. Nearly two years after the order denying defendant's § 2255 motion as untimely was filed, the Rule 60 motion that now concerns the court was filed.

**BACKGROUND**

On May 20, 2010, the defendant was charged in an Indictment containing two counts alleging conspiracy to possess with intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) and conspiracy to import methamphetamine in violation of 21 U.S.C. §§ 960(a)(1) and (b)(1)(H). *See* Criminal Docket, Case No. 10-CR-00137-ABJ-1 ("Cr. Dkt.") # 20. On July 26, 2010, defendant pled guilty pursuant to a plea agreement (Cr. Dkt. #44 and Transcript).[1] As part of the plea agreement the parties stipulated that the relevant conduct amount for purposes of calculating the advisory guideline base offense level was fifteen kilograms or more of methamphetamine, which resulted in a base offense level of 38 (Cr. Dkt. 42 and COP Trans. at 4). In addition the Plea Agreement contained defendant's stipulation that he organized the criminal activity of his co-defendants and acknowledging that his offense level would increase by 2 levels pursuant to United States Sentencing Guideline ("U.S.S.G.") § 3B1.1©). Finally, defendant stipulated that he knew the methamphetamine in the criminal activity was unlawfully imported from Mexico requiring another adjustment of 2 levels under U.S.S.G. § 2D1.1(b)(4). At his change of plea hearing, the defendant was informed that he would likely face a guideline range of 262-327 months, and the government would recommend that he be sentenced at the low end of that

---

[1] A certified Spanish language interpreter assisted the court and the defendant during the change of plea and sentencing hearing (COP Trans. at 2; Sent. Trans. at 3). Defendant received the Plea Agreement that was a certified translation from English to Spanish (Cr. Dkt # 42-2).

range (COP Trans. at 37). The Defendant's Presentence Report ("PSR") calculated that his advisory guideline range was 324-405 months. *See* PSR and Sent. Trans. at 6.

On December 9, 2010, defendant was sentenced (Sent. Trans.). Defendant argued for a variance based on his claim that the PSR over-represented the seriousness of his criminal history, and based on his view that his co-defendants, who were involved at or near the same level he was, were sentenced to much lower sentences (Sent. Trans. at 10-13). Defendant argued that a sentence of 160 months would be sufficient (Sent. Trans. at 13). Consistent with its promise the government recommended a low end guideline sentence, but after hearing the defendant's argument for a variance, the government agreed it would be unfair to sentence him to a sentence higher than that received by his co-defendants, i.e. 262 months. The government recommended a 262 month sentence, stating that such a sentence would fairly represent the factors set forth in 18 U.S.C. § 3553(a) (Sent. Trans. at 6, 16-17).

After reviewing the presentence report and considering arguments of counsel the guideline range was found to have been properly calculated (Sent. Trans. at 20). A variance was determined to apply under the factors listed in 18 U.S.C. § 3553(a). A variance to total offense level 36 and criminal history category III was applied, which resulted in an advisory guideline range of 235-293 months. Defendant was sentenced to a term of 248 months (Sent. Trans. At 22). Defendant was advised that he had 10 days to file his notice of appeal following

the entry of judgment (Sent. Trans. at 24). The Judgment and Commitment was filed on December 10, 2010 (Cr. Dkt. #55).

Nothing transpired in the defendant's case until Mr. Acevedo wrote to the court to inquire whether his counsel had filed an appeal (Cr. Dkt. #56). Approximately nineteen months had passed following entry of the Judgment and Commitment. Defendant filed a motion under 28 U.S.C. 2255 on August 27, 2012 (Cr. Dkt # 58). The government responded on November 16, 2012 (Dkt. # 6). It argued that the defendant's motion was filed eight months past the expiration of § 2255(f)(1)'s one year limitation period, and the Defendant had not established circumstances to justify excusing his untimeliness under the doctrine of equitable tolling (Dkt. # 6 at 12-19).

On July 1, 2013, an Order and a Judgment were filed ruling in favor of the government, dismissing the defendant's § 2255 motion as untimely (Dkt. # 7). The § 2255 motion was not filed until twenty months after his conviction had become final, and so was at least eight months late for purposes of § 2255's one year limitation period (*Id.* at 1). In addition the defendant had failed to satisfy the requirements for "equitable tolling". He failed to show that he had diligently pursued his rights, and he had not demonstrated that, notwithstanding his diligence, some extraordinary circumstance prevented defendant from filing on time (*Id.*, at 2).

Twenty months passed following entry of the July 1, 2013, order and judgment

4

dismissing the defendant's § 2255 motion as untimely. In late February 2015, the defendant filed the instant motion under Fed.R.Civ.P. 60(b)(6) and 60(d) contending that the court abused its discretion when it determined the defendant's § 2255 motion was inexcusably untimely and dismissing the same..

## DISCUSSION

A motion under Fed.R.Civ.P. 60(b) is a second or successive petition if in substance or effect it asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. *See Gonzales v. Crosby,* 125 S.Ct. 2641, 2651 (2005); *Sptznas v. Boone,* 464 F.3d 1213, 1215 (10th Cir. 2006). In his Rule 60 motion the defendant claims this court should revisit and ultimately reverse its previous ruling that his § 2255 motion was inexcusably late. A Rule 60(b) motion may be considered on the merits in the context of a § 2255 proceeding only where it is based on some claimed defect in the original habeas proceedings which either precluded a merits determination on defendant's § 2255 claims or which otherwise concerned some alleged lack of integrity in those proceedings. *Spitznas v. Boone,* at 1215-16; *see also In re Pickard,* 681 F.3d 1201, 1205-07(10th Cir. 2012). Rule 60(b) claims which might meet this requirement include one that the habeas court had in some fashion been defrauded by the government, or that the habeas court had made some procedural ruling which precluded a

merits determination on the defendant's motion, or where one or more of defendant's properly presented § 2255 claims had simply not been addressed by the district court. *See In re Pickard*, 681 F.3d at 1205 (fraud on the habeas court); *Peach v. United States*, 468 F.3d 1269, 1271 (10th Cir. 2006) (unadjudicated properly presented habeas claims). However, a Rule 60 motion which is not so limited, and which instead challenges either the bona fides of defendant's underlying criminal conviction or which challenges the habeas court's previous decision on the merits of the defendant's § 2255 motion is not a proper Rule 60(b) motion. Rather, it is the equivalent of a second or successive § 2255 motion, and it should be treated accordingly. *In re Pickard*, 681 F.3d at 1206; *United States v. Espinoza*, 622 F.App'x 745, 747 (10th Cir. 2015).

Defendant's only claim is that the court legally erred in its refusal to excuse the late filing of his § 2255 motion under the doctrine of equitable tolling. A ruling that a § 2255 motion failed to satisfy that provision's one year limitation period constitutes an adjudication of that motion on the merits, such that later habeas petitions constitute second or successive motions subject to the prior authorization requirements of §§ 2255 and 2244. *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (dismissal of first habeas petition as time-barred was a decision on the merits). Defendant's Rule 60 motion fits the definition of a second or successive motion which requires prior authorization from the court of appeals. *Id., see also United States v. Garcia-Rodriquez*, 516 F.App'x 704, 706 (10th Cir. 2013).

Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances. *VanSkiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Defendant offers in support of the Rule 60 motion the same arguments that were put forward in the original § 2255 motion. He has not provided new events or circumstances, nor new facts that might cast a compelling new light on the court's ruling on the § 2255 motion.

Finally, Defendant has not addressed the timeliness of his Rule 60 motion. To be timely Rule 60(b)(6) and 60(d) motions challenging a prior ruling on a § 2255 motion mut be filed within a "reasonable time" following the earlier ruling. Defendant's motion was filed over twenty montys following denial of his § 2255 motion and considering that no exceptional circumstances have been brought forward for the delay the Rule 60 motion is not timely. *See United States v. Mack*, 502 F. App'x 757, 759-60 (10th Cir. 2012).

**IT IS ORDERED** that defendant's Motion Seeking Relief from the Judgment Pursuant to Rule 60(b)(6) and 60(d)(1) should be and the same are **DENIED.**

Dated this 16th day of August, 2017.

Alan B. Johnson
United States District Judge